UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kelly Harper,

      Petitioner,

v.

Warden of FCI Waseca,

      Respondent.

File No. 23-cv-1247 (ECT/LIB)

**OPINION AND ORDER**

Kelly Harper, pro se.

Adam J. Hoskins and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Defendant Warden of FCI Waseca.

      Plaintiff Kelly Harper, a prisoner at the Federal Correctional Institution in Waseca, Minnesota ("FCI Waseca") commenced this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241.  *See* ECF No. 1.  In the Petition, Harper appears to allege that the Federal Bureau of Prisons has failed to award her time credits under the First Step Act of 2018 ("FSA"), and further alleges that she was sexually assaulted by the BOP and that the BOP mismanaged her health care, including by failing to provide her cancer treatment. *See* ECF No. 1.  Harper's Petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the following reasons, the Petition will be denied in part and Harper will be required to file an amended pleading to properly raise her remaining claims.

I

In June 2021, Harper pleaded guilty to one count of use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958(a). *See United States v. Harper*, No. 21-cr-18-wmc (W.D. Wis.), ECF No. 33. Harper was sentenced to 72 months of imprisonment followed by a 3-year term of supervised release. *See id.*, ECF No. 51.

Harper is currently incarcerated at FCI-Waseca. In the last several months, numerous prisoners at FCI-Waseca have filed nearly identical petitions for a writ of habeas corpus, alleging that the BOP is not correctly awarding time credits under the First Step Act of 2018 for participation in certain programming. Harper's petition raises this claim—without providing any of the narrative detail the other petitions included—and also purports to raise several other claims. She alleges that she was sexually assaulted and mentally abused during her time in custody, that the BOP is mismanaging her cancer treatment, that the physical conditions at the prison are intolerable, that she has been subjected to cruel and unusual punishment because she has been housed in a restricted unit, and that she has not had required dental treatment. ECF No. 1 at 2–9.

In addition to the Complaint, Harper filed two "motions to grant 2241," ECF Nos. 2, 7, two "motions to expedite motion of 28 USC 2241," ECF Nos. 3, 8, and a "motion to address AUSA for compassionate release," ECF No. 14. This last motion concerns a request for compassionate release that Harper filed with the sentencing court and is not properly part of litigation related to either First Step Act credits or the conditions of her confinement. It will be denied without further comment. Harper's remaining motions do

not seek relief independent of her petition—although the "motions to grant" contain legal analysis and argument missing from the petition itself—and require no separate discussion.

II

Habeas petitions brought under 28 U.S.C. § 2241 are reviewed under the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). *See* Habeas Rule 1(b). Rule 4 states that the Court "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4.

A

Every court in this District to have considered claims that the BOP is not correctly awarding time credits at FCI-Waseca has rejected those claims. *See, e.g.*, *Friday v. Segal*, No. 23-CV-882 (PAM/ECW); *Rojas v. Segal*, No 23-CV-1306 (PAM/DJF); *Rice v. Segal*, No. 23-CV-751 (ECT/DJF); *Sisson v. Segal*, No. 23-CV-548 (NEB/JFD). Harper's petition does not explicitly claim that she is entitled to a certain number of credits for the programming in which she has participated. ECF. No. 1 at 7. But assuming that she claims, as the other petitions from FCI-Waseca prisoners claim, that she is entitled to 10 or 15 days of programming for each of the four courses she alleges to have completed, that claim is without merit. The BOP has determined that prisoners are not entitled to credit for each course they complete, but rather are entitled to credit for each month of programming in which they participate.

Even if the Court disagrees with the BOP's interpretation of the statute, however, that interpretation is reasonable. Thus, the Court must defer to it. *Entergy Corp. v.*

3

*Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009). Harper is not entitled to habeas-corpus relief on this basis, and her claim regarding First Step Act credits is denied.

B

Harper's claims regarding sexual and mental abuse, the BOP's failure to properly treat Harper's cancer and dental conditions, the mold and other physical conditions at the prison, and allegations of cruel and unusual punishment in Harper's housing placement involve the conditions of Harper's confinement. As such, they are not properly the subject of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy."). Claims challenging the conditions of a prisoner's confinement must be brought under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g.*, *Gilmore v. Martin Cnty. Sheriff Dep't*, No. 19-CV-141 (WMW/ECW), 2019 WL 3878090, at *1 (D. Minn. July 12, 2019) (prisoner's allegations of sexual abuse must be brought in civil-rights complaint); *Williams v. Birkholz*, No. 20-CV-2190 (ECT/LIB), 2021 WL 4155614, at *5 (D. Minn. July 20, 2021) (challenge to prison conditions not properly brought as habeas petition); *Martinez v. Bureau of Prisons*, No. 15-CV-2636 (WMW/TNL), 2017 WL 2269498, at *1 (D. Minn. May 23, 2017) ("[A] habeas petition is not the proper procedural vehicle by which to bring" a claim regarding deliberate indifference to serious medical needs.).

The attempt to pursue civil claims in a habeas-corpus petition "is not usually, by itself, an impediment to relief, especially where that miscasting [of claims] has been done by an unrepresented litigant." *Pharaoh El-Forever Left-i Amen El v. Schnell*, No. 21-CV-156 (NEB/ECW), 2021 WL 2323209, at *1 (D. Minn. Feb. 11, 2021). In such cases, the district court may convert the habeas claims into a civil complaint. *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). But when the litigant is a prisoner, there are consequences to such a conversion. The Prison Litigation Reform Act requires prisoners raising conditions-of-confinement claims to pay the full filing fee for such actions, subjects those claims to pre-service review, and imposes filing restrictions on certain prisoners who have brought more than three civil-rights lawsuits. *See* 28 U.S.C. §§ 1915(b), (g), 1915A. Because of these consequences, the Eighth Circuit Court of Appeals has instructed district courts to "first obtain the consent of the pro se individual before converting their claims." *Spencer*, 774 F.3d at 471.

Accordingly, within 30 days of the date of this order, Harper may file an amended pleading styled as a civil rights complaint. Should she fail to file an amended pleading, however, her conditions-of-confinement claims will be dismissed without prejudice. Harper is also warned that if she chooses to amend her pleading to raise civil-rights claims, she will be responsible for paying the full amount of the filing fee—$402.00—either at the initiation of the lawsuit or in installments as the statute provides. 28 U.S.C. § 1915(b). And any such amended pleading will be subject to screening before the action will be allowed to proceed. *Id.* § 1915A.

Harper's claim that FCI-Waseca is incorrectly calculating her time credits under the First Step Act is denied.  Her remaining claims may only properly be brought in a civil proceeding; should she fail to amend her pleadings to reflect that requirement, those claims will be dismissed without prejudice.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. The Petition for a Writ of Habeas Corpus [ECF No. 1] is **DENIED IN PART** as to the claim under the First Step Act.

2. The Motions to Grant 2241 [ECF Nos. 2, 7] are **DENIED as moot**.

3. The Motions to Expedite Motion of 29 USC 2241 [ECF Nos. 3, 8] are **DENIED as moot**.

4. The Motion to Address AUSA for Compassionate Release [ECF No. 14] is **DENIED**.

5. Within 30 days of the date of this order, Petitioner Kelly Harper may file an amended pleading styled as a civil-rights complaint raising her remaining claims.  If she does not file an amended pleading in the time permitted, this matter will be dismissed without prejudice.

Dated:  June 7, 2023                    s/ Eric C. Tostrud
                                        Eric C. Tostrud
                                        United States District Court